**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID GILES** | : | |
| 1165 Village Dr. | : | |
| Marysville, OH 43040 | : | |
| | : | Case No. 2:23-cv-688 |
|     and | : | |
| | : | JUDGE |
| **MORGAN BREY** | : | |
| 181 Redwood Dr. | : | MAGISTRATE JUDGE |
| Marysville, OH 43040 | : | |
| | : | **Jury Demand Endorsed Hereon** |
|     and | : | |
| | : | |
| **MATT DOTSON** | : | |
| 195 E George St. | : | |
| Marion, OH 43302 | : | |
| | : | |
|     and | : | |
| | : | |
| **SHANE HAYES** | : | |
| 139 N Main St., Apt. B | : | |
| West Mansfield, OH 43358 | : | |
| | : | |
|     and | : | |
| | : | |
| **MASON ALSPACH** | : | |
| 532 Pearl Street | : | |
| Marion, OH 43302 | : | |
| | : | |
|     and | : | |
| | : | |
| **RONALD ISON** | : | |
| 679 Sullivan Ct. | : | |
| Riverside, OH 45431 | : | |
| | : | |
|     and | : | |
| | : | |
| **CURTIS BOOKER** | : | |
| 1809 Theresa Ct. | : | |
| Middletown, OH 45044 | : | |
| | : | |
|     and | : | |

1

**RAMON BOYCE**                                    :
6435 Holly Ln.                                     :
Hamilton, OH 45011                                 :
                                                   :
     and                  :
                                                   :
**NICHOLE COOLEY**                                 :
4616 Manchester Rd.                                :
Middletown, OH 45042                               :
                                                   :
     and                  :
                                                   :
**NATHAN DICKINSON**                               :
195 Cottonwood Drive                               :
Marysville, OH 43040                               :
                                                   :
     and                  :
                                                   :
**NICKOLAS KNOX**                                  :
257 Mill St.                                       :
North Lewisburg, OH 43060                          :
                                                   :
     and                  :
                                                   :
**WILL OWENS**                                     :
1823 Jackson Lane                                  :
Middletown, OH 45044                               :
                                                   :
     and                  :
                                                   :
**ANTION WALTON**                                  :
1200 Askew St.                                     :
Middletown, OH 45044                               :
                                                   :
       **Plaintiffs,**  :
                                                   :
                                                   :
    vs.                         :
                                                   :
                                                   :
**STAY DRY WATERPROOFING, LLC**                    :
c/o Registered Agent Mark Minton                   :
401 Chestnut St.                                   :
Marysville, OH 43040                               :
                                                   :
     and                  :

2

**MARK MINTON**                                    :
401 Chestnut St.                                   :
Marysville, OH 43040                               :
                                                   :
          **Defendants.**                          :

## COMPLAINT

NOW COME Plaintiffs David Giles, Morgan Brey, Matt Dotson, Shane Hayes, Mason Alspach, Ronald Ison, Curtis Booker, Ramon Boyce, Nichole Cooley, Nathan Dickinson, Nickolas Knox, Will Owens, and Antion Walton ("Plaintiffs"), and proffer this Complaint for damages against Defendant Stay Dry Waterproofing, LLC and Defendant Mark Minton ("Defendants").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 ("Chapter 4111").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3.      This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants maintain their headquarters in and are doing and have done substantial business in the Eastern Division of the Southern District of Ohio, and Plaintiffs performed their job duties in the Eastern Division of the Southern District of Ohio.

## THE PARTIES

5.      Plaintiff David Giles is an individual, a United States citizen, and a resident of Union County, Ohio.

6.     Plaintiff Morgan Brey is an individual, a United States citizen, and a resident of Union County, Ohio.

7.     Plaintiff Matt Dotson is an individual, a United States citizen, and a resident of Marion County, Ohio.

8.     Plaintiff Shane Hayes is an individual, a United States citizen, and a resident of Logan County, Ohio.

9.     Plaintiff Mason Alspach is an individual, a United States citizen, and a resident of Marion County, Ohio.

10.    Plaintiff Ronald Ison is an individual, a United States citizen, and a resident of Montgomery County, Ohio.

11.    Plaintiff Curtis Booker is an individual, a United States citizen, and a resident of Butler County, Ohio.

12.    Plaintiff Ramon Boyce is an individual, a United States citizen, and a resident of Butler County, Ohio.

13.    Plaintiff Nichole Cooley is an individual, a United States citizen, and a resident of Butler County, Ohio.

14.    Plaintiff Nathan Dickinson is an individual, a United States citizen, and a resident of Union County, Ohio.

15.    Plaintiff Nickolas Knox is an individual, a United States citizen, and a resident of Champaign County, Ohio.

16.    Plaintiff Will Owens is an individual, a United States citizen, and a resident of Butler County, Ohio.

17.    Plaintiff Antion Walton is an individual, a United States citizen, and a resident of Butler County, Ohio.

18.     Defendant Stay Dry Waterproofing, LLC is an Ohio limited liability company registered to do business in Ohio and conducts business in the Eastern Division of the Southern District of Ohio.

19.     Upon information and belief, Defendant Mark Minton is a resident of the state of Ohio, is the sole owner of Defendant Stay Dry Waterproofing, LLC, and controls the pay policies and practices related to Defendants' employees.

20.     At all times relevant herein, Plaintiffs were employees of Defendants as defined by the FLSA and R.C. Chapter 4111.

21.     At all times relevant herein, Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and R.C., Chapter 4111.

22.     At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.00.

23.     Upon information and belief, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

**FACTUAL BACKGROUND**

**Defendants' Pay Policies & Practices**

24.     Defendants provide basement waterproofing, foundation repair, mold testing and removal, crawl space encapsulation, yard drainage, biohazard clean up, water and fire damage restoration, and basement finishing services.

25.     Defendants provide services in central Ohio, the Cincinnati/Dayton area, and northern Kentucky. Defendants designate work crews to provide services in the above locations.

26.     Defendants employ Laborers, whose job duties include all manual labor necessary to provide Defendants' services, including, but not limited to, removing the floor, jackhammering concrete foundations, removing materials, installing drain tiles, making repairs, bringing in replacement material including concrete, and mixing and pouring concrete.

27.     Defendants also employ Foremen, who perform the same physical job duties as Laborers.  Foremen are also responsible for managing job sites and the Laborers assigned to the job site.

28.     Defendants pay their Laborers and Foremen on a "day rate" basis.

29.     Defendants do not pay their Laborers or Foremen a "half-time" rate for their hours worked in excess of 40 in a workweek.

30.     Defendants do not keep time records of the hours Laborers or Foremen work.

31.     Laborers and Foremen work 5-6 days each week. Laborers Foremen regularly work more than 40 hours in a single workweek.

32.     Defendants have refused to pay their Laborers and Foremen in accordance with the law.

33.     Prior to filing this action, Plaintiffs' counsel and Defendants' counsel agreed to toll the statute of limitations period on all Plaintiffs' claims from September 15, 2022 through February 21, 2023.

**Plaintiff Giles' Employment Experience with Defendants**

34.     Plaintiff Giles was employed by Defendants between approximately January 2019 and March 2022.

35.     Plaintiff Giles began his employment with Defendants as a Laborer, and in or around April 2021, he was promoted to the position of Foreman and worked as a Foreman throughout the remainder of his employment.

6

36.     At all times, Plaintiff Giles was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

37.     Plaintiff Giles regularly worked over 40 hours in a single workweek.

38.     Plaintiff Giles was paid a "day rate" for each day of work, regardless of the number of hours worked.

39.     Plaintiff Giles was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Brey's Employment Experience with Defendants**

40.     Plaintiff Brey was employed by Defendants between approximately May 2020 and May 2021.

41.     Plaintiff Brey was employed as a Laborer throughout his employment with Defendants.

42.     At all times, Plaintiff Brey was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

43.     Plaintiff Brey regularly worked over 40 hours in a single workweek.

44.     Plaintiff Brey was paid a "day rate" for each day of work, regardless of the number of hours worked.

45.     Plaintiff Brey was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Dotson's Employment Experience with Defendants**

46.     Plaintiff Dotson was employed by Defendants between approximately July 2021 and June 2022.

47.     Plaintiff Dotson was employed as a Laborer throughout his employment with Defendants.

48. At all times, Plaintiff Dotson was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

49. Plaintiff Dotson regularly worked over 40 hours in a single workweek.

50. Plaintiff Dotson was paid a "day rate" for each day of work, regardless of thenumber of hours worked.

51. Plaintiff Dotson was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Hayes' Employment Experience with Defendants**

52. Plaintiff Hayes was employed by Defendants between approximately May 2019 and late August 2022.

53. Plaintiff Hayes began his employment with Defendants as a Laborer, and in or around July 2020, he was promoted to the position of Foreman and worked as a Foreman through the remainder of his employment.

54. At all times, Plaintiff Hayes was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

55. Plaintiff Hayes regularly worked over 40 hours in a single workweek.

56. Plaintiff Hayes was paid a "day rate" for each day of work, regardless of the number of hours worked.

57. Plaintiff Hayes was not paid a "half-time" rate for all hours he worked in excess of 40 in a workweek.

**Plaintiff Alspach's Employment Experience with Defendants**

58. Plaintiff Alspach was employed by Defendants between approximately October 2021 and January 2022.

59. Plaintiff Alspach was employed as a Laborer throughout his employment with

8

Defendants.

60.     At all times, Plaintiff Alspach was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

61.     Plaintiff Alspach regularly worked over 40 hours in a single workweek.

62.     Plaintiff Alspach was paid a "day rate" for each day of work, regardless of the number of hours worked.

63.     Plaintiff Alspach was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Ison's Employment Experience with Defendants**

64.     Plaintiff Ison was employed by Defendants between approximately September 2020 and August 2021.

65.     Plaintiff Ison began his employment with Defendants as a Laborer, and in or around March 2021, he was promoted to the position of Foreman and worked as a Foreman throughout the remainder of his employment.

66.     At all times, Plaintiff Ison was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

67.     Plaintiff Ison regularly worked over 40 hours in a single workweek.

68.     Plaintiff Ison was paid a "day rate" for each day of work, regardless of the number of hours worked.

69.     Plaintiff Ison was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Booker's Employment Experience with Defendants**

70.     Plaintiff Booker was employed by Defendants between approximately March 2022 and September 2022.

71.     Plaintiff Booker began his employment with Defendants as a Laborer, and in or around April 2022, he was promoted to the position of Foreman and worked as a Foreman throughout the remainder of his employment.

72.     At all times, Plaintiff Booker was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

73.     Plaintiff Booker regularly worked over 40 hours in a single workweek.

74.     Plaintiff Booker was paid a "day rate" for each day of work, regardless of the number of hours worked.

75.     Plaintiff Booker was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Boyce's Employment Experience with Defendants**

76.     Plaintiff Boyce was employed by Defendants between approximately April 2022 and September 2022.

77.     Plaintiff Boyce was employed as a Laborer throughout his employment with Defendants.

78.     At all times, Plaintiff Boyce was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

79.     Plaintiff Boyce regularly worked over 40 hours in a single workweek.

80.     Plaintiff Boyce was paid a "day rate" for each day of work, regardless of the number of hours worked.

81.     Plaintiff Boyce was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Cooley's Employment Experience with Defendants**

82.     Plaintiff Cooley was employed by Defendants between approximately April 2022 and August 2022.

83.     Plaintiff Cooley was employed as a Laborer throughout her employment with Defendants.

84.     At all times, Plaintiff Cooley was subject to the same pay policies and procedures asother Laborers and Foremen, as described herein.

85.     Plaintiff Cooley regularly worked over 40 hours in a single workweek.

86.     Plaintiff Cooley was paid a "day rate" for each day of work, regardless of the numberof hours worked.

87.     Plaintiff Cooley was not paid a "half-time" rate for the hours she worked in excess of40 in a workweek.

**Plaintiff Dickinson's Employment Experience with Defendants**

88.     Plaintiff Dickinson was employed by Defendants between approximately May 2021 and October 2022.

89.     Plaintiff Dickinson began his employment with Defendants as a Laborer, and in or around April 2022, he was promoted to the position of Foreman and worked as a Foreman throughout the remainder of his employment.

90.     At all times, Plaintiff Dickinson was subject to the same pay policies and procedures asother Laborers and Foremen, as described herein.

91.     Plaintiff Dickinson regularly worked over 40 hours in a single workweek.

92.     Plaintiff Dickinson was paid a "day rate" for each day of work, regardless of the numberof hours worked.

11

93. Plaintiff Dickinson was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Knox's Employment Experience with Defendants**

94. Plaintiff Knox was employed by Defendants for approximately two weeks in October 2021.

95. Plaintiff Knox was employed as a Laborer throughout his employment with Defendants.

96. At all times, Plaintiff Knox was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

97. Plaintiff Knox regularly worked over 40 hours in a single workweek.

98. Plaintiff Knox was paid a "day rate" for each day of work, regardless of the number of hours worked.

99. Plaintiff Knox was not paid a "half-time" rate for the hours he worked in excess of 40 in a workweek.

**Plaintiff Owens' Employment Experience with Defendants**

100. Plaintiff Owens was employed by Defendants between approximately March 2022 and September 2022.

101. Plaintiff Owens began his employment with Defendants as a Laborer, and in or around August 2022, he was promoted to the position of Foreman and worked as a Foreman throughout the remainder of his employment.

102. At all times, Plaintiff Owens was subject to the same pay policies and procedures as other Laborers and Foremen, as described herein.

103. Plaintiff Owens regularly worked over 40 hours in a single workweek.

104.   Plaintiff Owens was paid a "day rate" for each day of work, regardless of the numberof hours worked.

105.   Plaintiff Owens was not paid a "half-time" rate for the hours he worked in excess of40 in a workweek.

**Plaintiff Walton's Employment Experience with Defendants**

106.   Plaintiff Walton was employed by Defendants between approximately April 2022 and September 2022.

107.   Plaintiff Walton worked as a Laborer throughout his employment with Defendants.

108.   At all times, Plaintiff Walton was subject to the same pay policies and procedures asother Laborers and Foremen, as described herein.

109.   Plaintiff Walton regularly worked over 40 hours in a single workweek.

110.   Plaintiff Walton was paid a "day rate" for each day of work, regardless of the numberof hours worked.

111.   Plaintiff Walton was not paid a "half-time" rate for the hours he worked in excess of40 in a workweek.

## COUNT I
### FLSA 29 U.S.C. § 201, *et seq.* – Failure to Pay Overtime

112.  All of the preceding paragraphs are realleged as if fully rewritten herein.

113.  Plaintiffs were employees of Defendants within the previous three years of the filing of this Complaint. Further, Plaintiffs were employees of Defendants within the previous three years from September 15, 2022 – the date the parties agreed upon to toll the limitations period prior to the filing of this Complaint.

114.  Plaintiffs were not exempt from the overtime provisions of the FLSA.

13

115. Plaintiffs frequently worked more than 40 hours per workweek.

116. Defendants failed to pay Plaintiffs at the correct overtime premium rate for all hours worked in excess of 40 per workweek.

117. Defendants were aware that Plaintiffs worked more than 40 hours per workweek but were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

118. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiffs at the correct overtime premium rate for all hours worked in a workweek in excess of 40.

119. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages.

## COUNT II
## R.C. 4111.03 – Failure to Pay Overtime

120. All of the preceding paragraphs are realleged as if fully rewritten herein.

121. Defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Section 4111.03, by failing to compensate Plaintiffs at the correct overtime rate for all hours worked in excess of 40 in each workweek.

122. Defendants' knowing failure to pay Plaintiffs overtime wages for hours worked in excess of 40 per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

123. For Defendants' violations of R.C. 4111.03, Plaintiffs are entitled to recover unpaid wages, an equal amount to the unpaid wages as liquidated damages, interest, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

    A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

B.  An injunction against Defendants from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C.  An award of unpaid wages due under the FLSA and OMFWSA;

D.  An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. 4111.03;

E.  An award of prejudgment and post judgment interest;

F.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

G.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Rhiannon M. Herbert*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby request a jury of at least eight (8) persons

/s/ *Rhiannon M. Herbert*
Rhiannon M. Herbert (0098737)